IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY COSCIA, | : | |
|     Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. |
| | : | |
| FAIRFIELD RESORTS, INC., | : | JURY TRIAL DEMANDED |
|     Defendant | : | |

## COMPLAINT

1. The Plaintiff Anthony Coscia is an adult individual residing at 12 Smithfield Village, East Stroudsburg, Pennsylvania 18301.

2. The Defendant Fairfield Resorts, Inc. is a corporation believed to be organized under the laws of the State of Florida, with offices at P.O. Box 93, Shawnee-On-Delaware, Monroe County, Pennsylvania 18356.

## JURISDICTION

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343 and Title VII of the Civil Rights Act of 1964, as amended ["Title VII"], 42 U.S.C. §2000(e) et seq.

4. All conditions precedent to jurisdiction under 42 U.S.C. §2000(e) et seq. have occurred or been complied with as follows: Plaintiff filed Complaints of Employment Discrimination with the Equal Employment Opportunity Commission [EEOC], within 180 days of the unfair employment practices. Plaintiff received two (2) Notices of Right to Sue from the EEOC dated November 9, 2006 on or about November 13, 2006.

5. Defendant is an employer within the meaning of Title VII in that it is engaged in an industry that affects commerce and employs more than fifteen (15)

employees for such working day in each twenty (20) or more calendar weeks in the current or preceding calendar years.

6. At all relevant times, Defendant significantly affected or controlled Plaintiff's access to employment at Defendant's place of business.

7. During 1983, Plaintiff was hired by Defendant's predecessor in interest, Shawnee Development, Inc., as a sales representative.

8. In 2000, due to his diligent and professional service, Plaintiff was promoted to Referral Manager/Phone Room Supervisor.

9. As a manager, Plaintiff observed blatant discrimination against black/Indians.

10. On about March 17, 2003, Plaintiff filed with the EEOC a formal Charge of Discrimination against Defendant's predecessor in interest based upon its invidious discrimination.

11. On March 2, 2004 Plaintiff's first complaint against Defendant's predecessor in interest was resolved by a confidential settlement agreement.

12. Thereafter, Plaintiff was subjected to a retaliatory campaign by Defendant's predecessor in interest proximately causing Plaintiff to file with the EEOC a second Charge of Discrimination against Shawnee Development, Inc. during 2004.

13. Plaintiff's charge of retaliatory discrimination against Defendant's predecessor in interest is currently pending before this Honorable Court at 3:06 CV 765.

14. On about August 11, 2005 Defendant Fairfield Resorts, Inc. purchased Shawnee Development, Inc.

15. At all relevant times, Plaintiff maintained an excellent work, performance and attendance record while working diligently and professionally for Defendant Fairfield Resorts, Inc.

## COUNT ONE

16. The allegations of Paragraphs 1 through 15 inclusive are incorporated herein as if fully set forth at length.

17. At all relevant times Defendant's employed Vice President Jack Reed and Sales Manager Bill Elko as their agents, servants and/or employees.

18. After Defendant's management team came in, there was a Sales Meeting conducted by Jack Reed where he made racially derogatory remarks against "ragheads and dots," meaning Muslims and Indians.

19. After Jack Reed made these comments, Plaintiff specifically reported him to Vice President Barbara Masticola by an e-mail dated November 24, 2005.

20. After reporting this incident to Defendant the retaliatory conduct which Plaintiff had previously experienced through Defendant's predecessor in interest worsened.

21. On December 1st or 2nd, 2005 Plaintiff asked Jack Reed "what is up with your promise from the beginning of August with making me a Fairfield manager?"

22. At the time and place aforesaid, Defendant's Reed responded, "Not as long as you are working against me and not with me, you understand?"

23. On December 3, 2005 Defendant's Jack Reed pulled Plaintiff out to the front of building and physically and psychologically threatened Plaintiff.

24. On December 7, 2005 Plaintiff received an email that Defendant's Human Resource person, Shelly Bilock, was intentionally demeaning Plaintiff's professional reputation.

25. On December 29, 2005 Defendant's Jack Reed pulled Plaintiff into the movie room and again intentionally threatened and harassed Plaintiff solely because Plaintiff complained about Defendant's radically discriminatory comments about people based upon their race, color, religion, and/or national origin.

26. On January 13, 2006 under the direction and order and with knowledge and/or acquiescence of Defendant's Jack Reed, Defendant's sales manager intentionally harassed and threatened Plaintiff.

27. On February 26, 2006 "RAT" was written on paper and taped to Plaintiff's locker at his work site for Defendant.

28. On February 28, 2006 Defendant's Reed again knowingly threatened and harassed Plaintiff due to Plaintiff's report of invidious discrimination.

29. On April 19, 2006 Plaintiff's aforesaid Federal lawsuit which is pending was printed in the local newspaper.

30. On April 22, 2006 Bill Elko, Defendant's Sales Manager, specifically denounced Plaintiff's lawsuit and proclaimed that Plaintiff would soon be fired for filing the lawsuit.

31. At the end of April, 2006 Defendant wrote up Plaintiff with a formal write-up corrective action form for below company requirements for sales despite Plaintiff's proven accomplishment.

32. On May 4, 2006 Keith Smith, Defendant's Director of Marketing, walked through the sales lounge and sarcastically said, "Tony, they still letting you work here?" He smiled and walked out.

33. On May 5, 2006 through May 11, 2006 another of Defendant's sales representatives called in and received a one-month extension until May 27, 2006 for more time off WITH PAY. This is two months that he and another representative have been out with no excuse needed except they need personal time. Plaintiff received a phone call from personnel stating he will be put on thirty (30) day sick leave.

34. On May 27, 2006 while performing his job duties, Plaintiff had a single woman with a baby on a tour, which again led to Defendant's harassment and intolerance due to Plaintiff's reporting his invidious discrimination.

35. On May 29, 2006 Plaintiff's car was spray painted with "RAT" on the trunk.

36. On about May 431, 2006 Plaintiff received three calls from a private number imitating a Jamaican accent and saying "I will see you at Shawnee, man" in a threatening manner.

37. During the course of Plaintiff's employment with Defendant Fairfield Resorts, Inc., Defendant intentionally, knowingly subjected Plaintiff to unfair and intimidating working conditions which pervaded Plaintiff's work place solely because Plaintiff complained about Defendant's pattern and practice of invidious discrimination against persons based upon their race, religion and/or national origin.

38.    Defendant's invidious discrimination against Plaintiff was intentional, willful, wanton, arbitrary, capricious, and based upon no reason other that Plaintiff's peace, religion and/or national origin.

39.    As a direct and proximate result of Defendant's unlawful discrimination against Plaintiff, Plaintiff suffered damages due to loss of past and future wages, income, commissions and benefits, for which damages are claimed.

40.    As a direct and proximate result of Defendant's unlawful actions as aforesaid, Plaintiff suffered damages due to mental anguish, anxiety, distress, humiliation and sleeplessness for which damages are claimed.

41.    Defendant's unlawful termination was outrageous, egregious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Anthony Coscia demands judgment against Defendant Fairfield Resorts, Inc. in an amount to be determined together with interest costs of suit and reasonable attorney fees.

## COUNT TWO

42.    The allegations of Paragraphs 1 through 41 inclusive are incorporated herein as if fully set forth at length.

43.    Due to Defendant's Fairfield Resorts, Inc. aforestated intentional discrimination against Plaintiff, Plaintiff filed a Charge of Discrimination with the EEOC on about May 30, 2006.

44. On about August 12, 2006, Defendant intentionally, knowingly, purposefully terminated Plaintiff's employment solely in retaliation for Plaintiff's reports of invidious discrimination to Defendant and the EEOC.

45. Defendant's termination of Plaintiff was intentional, willful, wanton, arbitrary, capricious, and based upon no reason other than Plaintiff's aforesaid action.

46. As a direct and proximate result of Defendant's unlawful termination of Plaintiff, Plaintiff suffered damages due to loss of past and future wages, income, commissions and benefits, for which damages are claimed.

47. Alternatively, Plaintiff seeks reinstatement to his former or a comparable position with back wages, income and commission.

48. As a direct and proximate result of Defendant's unlawful termination, Plaintiff suffered damages due to mental anguish, anxiety, distress, humiliation and sleeplessness for which damages are claimed.

49. Defendant's unlawful termination was outrageous, egregious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Anthony Coscia demands a judgment against Defendant Fairfield Resorts, Inc. in an amount to be determined, together with interest, costs of suit and reasonable attorney fees; and reinstatement to his former or a comparable position with Defendant.

ORLOSKI LAW FIRM

/s/ Richard J. Orloski
Richard J. Orloski
Attorney for Plaintiff
Attorney ID No.: 09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363